**Areta KOWAL–VERN, M.D.,**
**Plaintiff–Appellant,**

v.

**LOYOLA UNIVERSITY OF CHICAGO, et al., Defendants–Appellees.**

No. 02–3353.

United States Court of Appeals,
Seventh Circuit.

Argued April 22, 2003.

Decided May 28, 2003.

Before COFFEY, RIPPLE, and EVANS, Circuit Judges.

## ORDER

After working as a doctor and professor at Loyola University for ten years, Dr. Areta Kowal–Vern lost her job. The defendants (collectively referred to as "Loyola") say she was let go as part of a departmental reorganization and because of poor job performance, but Dr. Kowal–Vern contends she was fired because of her gender and age–she was over 50 at the time. After exhausting her administrative remedies with the EEOC, she sued Loyola under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. She also alleged several state law claims including breach of contract and slander. The district court granted summary judgment to Loyola on her federal claims and declined to exercise supplemental jurisdiction over her state claims. Dr. Kowal–Vern timely appealed, and we affirm.

Dr. Kowal–Vern began working for Loyola in 1987 as a faculty member at its medical school and as a doctor at its medical center. She signed a one-year, non-tenure track contract that was renewable at the beginning of each academic year. She reported to pathology department chairman Dr. Kenneth McClatchey.

In 1995, Loyola says, its pathology department suffered from budget problems and so it directed Dr. McClatchey to reorganize the department and reduce the number of employees (Dr. Kowal–Vern disputes that the department suffered from budget problems). Dr. McClatchey solicited comments from staff members on a proposed reorganization. Dr. Kowal–Vern responded with a recommendation that Loyola create a new section of hematopathology that she would head. Dr. McClatchey did not implement her suggestion.

In 1996 Loyola began effecting Dr. McClatchey's reorganization plan. First, it notified several faculty members (not including Dr. Kowal–Vern) that their contracts would not be renewed. A few months later, Loyola reorganized its hematopathology laboratory and implemented a new policy requiring that all blood and fluid specimens be reviewed only by two male doctors that Dr. McClatchey had recently hired, Drs. Eric Hsi and Serhan Alkan, who were both under 40. Dr. Kowal–Vern says that Dr. McClatchey implemented the policy–which deprived her of any opportunity to review specimens–in order to replace her with younger men. Loyola counters, however, that the new

policy was needed because the lab had begun offering more sophisticated molecular reviews of specimens that Dr. Kowal–Vern could not perform, and because doctors who had sent specimens to the lab did not trust Dr. Kowal–Vern's diagnoses. Dr. Kowal–Vern denies that she made any misdiagnoses.

Dr. Kowal–Vern says she told Dr. McClatchey that she thought he was discriminating against her by replacing her with younger men, but says that he responded with indifference. She then had her attorney write to the president of the university, with a copy to Dr. McClatchey, repeating her accusations of discrimination. That same day, Dr. McClatchey recommended that Dr. Kowal–Vern's contract not be renewed. Dr. McClatchey made his recommendation, Dr. Kowal–Vern contends, in retaliation for the letter that her attorney sent to the president of the university. Dr. McClatchey's recommendation was reviewed and approved by Loyola's Committee on Faculty Appointments. This suit followed.

The district court granted summary judgment to Loyola on all of Dr. Kowal–Vern's federal claims. First, it held that even if Dr. Kowal–Vern could establish a *prima facie* case of discrimination or retaliation under the indirect method identified in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), she failed to establish that the reasons Loyola gave for not renewing her contract–its need to cut staff and Dr. Kowal–Vern's misdiagnoses in the lab–were merely pretext for discrimination. Second, it held that Dr. Kowal–Vern could not pursue a claim of sex discrimination and retaliation under Title IX because Title VII provided her an exclusive remedy for such claims. Finally, the district court declined to exercise supplemental jurisdiction over her state claims because the state and federal claims involved different facts with little overlap.

We review a grant of summary judgment *de novo,* reviewing the record in the light most favorable to the nonmoving party. *Grayson v. City of Chicago,* 317 F.3d 745, 749 (7th Cir.2003). To survive summary judgment, the nonmoving party must present credible evidence on all matters upon which she bears the burden of proof at trial. *Boyce v. Moore,* 314 F.3d 884, 889 (7th Cir.2002). Dr. Kowal–Vern appeals only the district court's grant of summary judgment on her Title VII and ADEA discrimination and retaliation claims.

The district court did not decide whether Dr. Kowal–Vern had established a *prima facie* case of discrimination or retaliation, but moved directly to the issue of pretext. We have questioned this practice of bypassing the *prima facie* inquiry, however, *see, e.g., Grayson v. O'Neill,* 308 F.3d 808, 818 (7th Cir.2002), and Loyola reiterates on appeal that Dr. Kowal–Vern has not established a *prima facie* case. Puzzingly, Dr. Kowal–Vern makes no attempt in her opening brief to establish a *prima facie* case, and therefore has waived the issue. *See Muzikowski,* 322 F.3d at 927; *Grayson,* 308 F.3d at 818.

Even if Dr. Kowal–Vern were able to establish a *prima facie* case, Loyola was nonetheless entitled to summary judgment because she cannot establish pretext. Loyola says it decided not to renew her contract based in part on its effort to downsize and reorganize her department, and in part upon her poor job performance. To support its claim of downsizing, Loyola points to the contracts of numerous other faculty members–both male and female–that it did not renew as part of the reorganization. As for Dr. Kowal–Vern's performance, Loyola points to the complaints it received from doctors who did not trust her diagnoses.

Dr. Kowal–Vern's argument on appeal is difficult to discern, but she seems to challenge Loyola's justification for non-renewal on grounds that no reorganization in fact occurred, and that the department actually grew after she left. In support, she cites obliquely to her own affidavit, but that affidavit says nothing about growth in the department, and in fact admits that a reorganization occurred.

Second, Dr. Kowal–Vern disputes that she ever made misdiagnoses, and baldly declares that she had an exemplary work record. Self-serving statements alone, however, are insufficient to survive a motion for summary judgment. *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir.2002). Moreover, as the district court noted, she points to nothing in the record that might call into question the validity of charges that other doctors did not trust her diagnoses. *See Michas v. Health Cost Controls*, 209 F.3d 687, 689 (7th Cir.2000) (defendants' statements of fact are deemed admitted if not denied with citations to the record).

Dr. Kowal–Vern also argues that she demonstrated pretext by pointing to the proximity in time between Dr. McClatchey's receipt of her attorney's letter accusing Loyola of discrimination, and Dr. McClatchey's decision to recommend that her contract not be renewed. Even if it is true that both events occurred close in time, this evidence by itself would nonetheless fail to establish pretext. First, nothing in the record shows that Dr. McClatchey read or even received her attorney's letter before recommending that her contract not be renewed. Second, suspicious timing along cannot create an issue as to pretext if Dr. Kowal–Vern cannot prove

through other circumstantial evidence that she was terminated for a reason other than that proffered by Loyola. *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 628–29 (7th Cir.2001).

For the preceding reasons, we AFFIRM the judgment of the district court.